Lillie Carpenter SMITH et al., Appellants,

v.

Dennis CARPENTER et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1962.

Grannis Bach (deceased), Jackson, Mann & Mann, Salyersville, Steve C. Bach, Mt. Vernon, Ind., Henry L. Spencer, Jackson, for appellants.

Moss Noble, Jackson, for appellees.

CLAY, Commissioner.

This is a suit brought by two sisters to set aside, on the grounds of fraud, deeds conveying land to their half brother, the defendant and appellee. The Chancellor found the defendant had made no false representations to the plaintiffs, that they executed the deeds of their own free will, and he denied plaintiffs the relief sought.

The father of all three parties died intestate in 1931 owning three tracts of land in Breathitt County, upon which he lived. The three children continued to reside on the property and the defendant acted as guardian for his two sisters, who were infants. After the sisters had reached their majority, in 1947 the defendant undertook to purchase from them their interests in the property. For valuable consideration the sisters executed conveyances. By inadvertence or mistake, these deeds described only two of the three tracts.

In 1958, when the defendant undertook to lease the property, he discovered that his sisters' interests in one tract had not been conveyed to him. At his request they thereupon executed deeds conveying to him those interests. These last deeds are the ones in controversy.

The claim of fraud is based on the fact that the two sisters were illiterate and when they signed and acknowledged the instruments they did not know they were deeds. They testified in substance that the defendant represented to them it was necessary to execute these papers "to correct the boundary line on the old deed".

There was ample evidence that all the parties intended the 1947 deeds to convey the sisters' interests in all the land inherited from their father. The representation of the defendant in 1958 that he needed new instruments to correct the boundary line in the old deeds was substantially accurate and was not false. In addition, plaintiffs suffered no loss by reason of the conveyances because they simply corrected a mistake in the earlier deeds.

We are of the opinion there was adequate proof to support the Chancellor's findings that there had been no material misrepresentation and that the sisters had not been overreached. Certainly on this record we are unable to adjudge that the Chancellor's findings were clearly erroneous.

The judgment is affirmed.